UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

TREMAINE KENDRICK JETER, a/k/a
Toby,

            *Defendant-Appellant.*

No. 03-4202

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-02-248)

Submitted: September 11, 2003

Decided: September 22, 2003

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

C. Timothy Sullivan, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tremaine Kendrick Jeter appeals his conviction on a guilty plea and sentence on a charge of conspiracy to possess with intent to distribute crack cocaine, in violation of 18 U.S.C. § 846 (2000). After conducting a thorough Fed. R. Crim. P. 11 colloquy, the district court found Jeter guilty, and sentenced him to 151 months' imprisonment, five years of supervised release, and a $100 special assessment. Jeter's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), discussing the issues of whether Jeter waived his right to appeal adverse pre-trial rulings, whether he waived his right to appeal the propriety of his guilty plea because he withdrew his motion to withdraw his plea, and whether his plea was entered into voluntarily and knowingly, but concluding that there are no meritorious grounds for appeal. Jeter was notified of his right to file an additional brief. Upon his motion, we granted Jeter an extension of time to file his brief. Because Jeter failed to timely file his brief,* the case now is ripe for our determination. In addition to review of the issues raised by counsel, in accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal.

We find no merit to Jeter's specific claims on appeal. Jeter's attempts to challenge adverse pre-trial rulings and his voluntary withdrawal of his motion to withdraw his guilty plea are precluded by virtue of his guilty plea.

In addition, our review of the record and transcripts in this case reveals that the district court complied fully with the mandates of Fed. R. Crim. P. 11. Jeter testified that he was fully satisfied with the services of his attorney, and he further testified that there were no promises made to him other than those promises outlined at the plea hearing. The district court advised Jeter of the maximum and mandatory minimum statutory sentences carried by the charge. The record reflects that Jeter's plea was knowing and voluntarily entered into.

---

*Pursuant to this court's June 12, 2003, order, Jeter's supplemental *pro se* brief was due to be served and filed on or before July 18, 2003.

Moreover, to the extent Jeter is claiming ineffective assistance of counsel with regard to his guilty plea, such claim should be raised by motion under 28 U.S.C. § 2255 (2000), in the district court, unless it conclusively appears from the record that the defense counsel did not provide effective representation. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of the record that Jeter's defense counsel failed to provide effective representation sufficient for this claim to be cognizable on direct appeal.

There were no irregularities in the plea process, and we find that Jeter was sentenced upon a proper application of the guidelines and consistent with statutory and constitutional law. Accordingly, we affirm Jeter's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*